IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| WILLIAM EUGENE KLAVER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HAMILTON COUNTY, TENNESSEE, ) <br> HAMILTON COUNTY SHERIFF'S DEPARTMENT, ) <br> DANIEL WILKEY, (UNKNOWN) MCCRAY, ) <br> CITY OF SODDY DAISY, ) <br> SODDY DAISY POLICE DEPARTMENT, and ) <br> JOHN DOE K9 OFFICER, ) <br>   SODDY DAISY POLICE DEPARTMENT, ) <br> ) <br> Defendants. ) | No. 1:19-cv-198 <br> Judge Clifton L. Corker |

### ANSWER OF HAMILTON COUNTY, TENNESSEE
### AND DEPUTY TYLER MCRAE

Hamilton County, Tennessee, ("Hamilton County") and Deputy Tyler McRae show the following as their Answer to the Complaint against them:

1. Without the aid of discovery, these Defendants can neither admit nor deny the statements contained in Paragraph I-A of the Complaint, and strict proof is demanded.

2. Paragraph I-B(1) of the Complaint is denied as stated as to Hamilton County. Hamilton County is a political subdivision of the State of Tennessee.

3. Paragraph I-B(2) of the Complaint is denied as stated as to the Hamilton County Sheriff's Department. The appropriate name is the Hamilton County Sheriff's Office ("Sheriff's Office"), established pursuant to Article 7, Section 1 of the Tennessee Constitution. Further, the Sheriff's Office is a department of Hamilton County, not a separate legal entity subject to suit.

*See Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994); *Boykin v. Van Buren Twp.,* 479 F.3d 444, 450 (6th Cir. 2007).

4. <u>Paragraph I-B(3)</u> of the Complaint is admitted to the extent that Daniel Wilkey was an employee of the Sheriff's Office at the time of the incident which forms the basis of this Complaint.

5. <u>Paragraph I-B(4)</u> of the Complaint is admitted to the extent that Tyler McRae was an employee of the Sheriff's Office at the time of the incident which forms the basis of this Complaint.

6. Without the aid of discovery, these Defendants can neither admit nor deny the statements of <u>Paragraphs I-B(5) through (7)</u> of the Complaint, and strict proof is demanded.

7. <u>Paragraphs II-C(1) through O</u> of the Complaint are admitted as to the basis for jurisdiction of this Court. All allegations of wrongdoing by Hamilton County or Deputy McRae, however, are denied.

8. Without the aid of discovery, these Defendants can neither admit nor deny statements contained in <u>Paragraph III</u> of the Complaint, and strict proof is demanded: "[The events giving rise to the claims occurred at] *12200 Dayton Pike, as per HCSD Citation Number 26613. Actual place is J Lon Foust Highway Southbound, or Hwy 27 Southbound. Street or location number unknown, but I almost to the Dunlap split when they turned on their lights.*" [Sic]. All allegations of wrongdoing by Hamilton County or Deputy McRae, however, are denied.

9. Without the aid of discovery, these Defendants can neither admit nor deny the following statements contained in <u>Paragraph III</u> of the Complaint, and strict proof is demanded: "*I observed the Hamilton County Sheriff's Patrol vehicle under hard braking in a cloud of tire*

smoke trying to make that turnaround in the opposite lanes of the four lane divided Highway 27, Northbound. I was travelling Southbound toward Chattanooga TN."* [Sic]. All allegations of wrongdoing by Hamilton County or Deputy McRae, however, are denied.

10. The following statements contained in <u>Paragraph III</u> of the Complaint are denied as stated: *"Later when I was ordered to place my hands on the hood my hands were burned from the heat. McCray #2917 ordered my hands back on the hood of the patrol car, further burning them."* [Sic]. All allegations of wrongdoing by Hamilton County or Deputy McRae, however, are denied.

11. The following statements contained in <u>Paragraph III</u> of the Complaint are denied: *"My vehicle is a BUS and listed so by it's manufacturer Ford Motor Company as such on the doorjamb sticker. It is therefore Exempt from all window tint regulations, along with Ambulances, Hearses, Church Vehicles and Limousines."* [Sic].

12. The following statements contained in <u>Paragraph III</u> of the Complaint are denied as stated: *"In this video I tried several times to explain that to them, but they wouldn't listen. They asked for consent to search my vehicle, I Adamantly Denied them that permission and consent. They proceeded to illegally detain me until a drug K( from Soddy-Daisy Police Department could arrive. They manufactured a positive from the dog, performed an illegal search, and found nothing."* [Sic]. All allegations of wrongdoing by Hamilton County or Deputy McRae are denied.

13. Without the aid of discovery, these Defendants can neither admit nor deny the following statements contained in <u>Paragraph III</u> of the Complaint, and strict proof is demanded: *"Also, when I arrived at court I discovered that I was not on the docket. In checking with the court clerk's office I was informed that the Citation had never been filed. This robbed me of time

*before a judge to tell what happened."* [Sic]. All allegations of wrongdoing by Hamilton County or Deputy McRae, however, are denied.

14. The following statements contained in Paragraph III of the Complaint are denied: *"I believe their motivations were to cover themselves for all the illegal things they did that night. Had my video camera on my phone been running, recording & therefore protecting me, who knows. Still as it stood, several fabrications had gone into making up the Citation itself. One was a cheap shot at the Marine Corps, by calling my Marine Corps sticker a 'stinker'. The other was a blatant lie completely in violation of the laws of Physics, in which a time of 08:33 p.m. was given as evidence of my tint being too dark."* [Sic].

15. Without the aid of discovery, these Defendants can neither admit nor deny the following statement contained in Paragraph III of the Complaint, and strict proof is demanded: *"According to Google, on April 17 2019 the sun went down at 08:15 p.m."* [Sic].

16. The following statements contained in Paragraph III of the Complaint require no response from these Defendants: *"I had been working on a 98 year old woman's vehicle all day, & was making another parts run to Chattanooga TN when this stop occurred. Her care had been vandalized & attempted to steal it was made, and a lot of components had to be replaced. The hotwire job they attempted blew out the ignition coil and points. They stole the battery when that didn't work, cutting up those cables as well. Then they siphoned the gas. This is a woman who was my foster mother before I went to live at Bethel Bible Village, then called Bethel Bible School. In fact, I got my Bus from them."*

17. Without the aid of discovery, these Defendants can neither admit nor deny the following statement contained in Paragraph III of the Complaint and strict proof is demanded: *"I know Bethel never had any drugs in it, and neither have I."* [Sic].

18. To the extent that the following statement contained in Paragraph III of the Complaint is directed at Deputy McRae, the same is denied: *"Therefore I find it very insulting for them to insinuate such through trickery and lying."* [Sic].

19. The following statement contained in Paragraph III of the Complaint requires no response of these Defendants: *"But my foster mother needs that car to run so that it can be moved by ambulance people when she has to take trips to the hospital."* [Sic].

20. To the extent that the following statement contained in Paragraph III of the Complaint is directed at Deputy McRae, the same is denied: *"I was not finished fixing it at the time of this stop, and their desire to lie all the other things they did could have cost this 98 year old woman her life."* [Sic].

21. The following statements contained in Paragraph III of the Complaint are denied as stated: *"As well, I stated several times that I would not answer any questions without my attorney present, and requested several times to leave to indicate that this stop was in no way voluntary on my part. McCray #2917 continued to verbally berate me, as seen on the longest of my videos. He continued to ask questions about my Marine Corps service in such a way and tone of voice as to indicate that he knew I was handicapped, and that he was making fun of that handicap."* [Sic]. All allegations of wrongdoing by Hamilton County or Deputy McRae are denied.

22. Without the aid of discovery, these Defendants can neither admit nor deny the following statement contained in Paragraph III of the Complaint, and strict proof is demanded: *"For the record, I have a type of muscular dystrophy called CMT, first diagnosed in Marine Corps boot camp at Parris Island in the late 1980's."* [Sic].

23. The following statements contained in Paragraph III of the Complaint require no response by these Defendants: *"I got my bus from Bethel Bible Village, a Christian Children's Home in Hixson Tennessee on Hamill Road, across from Greenway Farm. I grew up at Bethel when it was Bethel Bible School back in the 1970's and early 1980's. My entire Childhood was spent there."* [Sic].

24. Without the aid of discovery, these Defendants can neither admit nor deny the allegations of the following statement contained in Paragraph III of the Complaint and strict proof is demanded: *"I Know that Bethel never had any drugs in the vehicle, and I have never had any in it, either."* [Sic].

25. The following statements contained in Paragraph III of the Complaint are denied: *"So for these individuals to pull their fake drug dog alert, and it Was Fake or the dog is a Moron, really makes me angry. Then for them to not file the equally bogus window tint citation on my Exempted Vehicle thereby robbing me of a legitimate viewing and decision from a Judge compounds that. Inventing evidence as they did, these officers do not belong in law enforcement, and I would ask the court to permanently decertify all these persons and their cohorts in these crimes to be named at a later date and/or upon discovery Nationwide."* [Sic]. All allegations of wrongdoing by Hamilton County or Deputy McRae are denied.

26. Paragraphs III(C) and (D) are admitted upon information and belief as to the date and approximate time of the traffic stop.

27. Without the aid of discovery, these Defendants can neither admit nor deny the statements contained in Paragraph III(F) of the Complaint, and strict proof is demanded.

6
Case 1:19-cv-00198-TRM-CHS   Document 12   Filed 11/09/19   Page 6 of 9   PageID #: 197

28. Without the aid of discovery, these Defendants can neither admit nor deny the statements contained in <u>Paragraph</u> <u>IV</u> as to the Plaintiff's injuries, and strict proof is demanded. All allegations of wrongdoing by Hamilton County or Deputy McRae, however, are denied.

## **AFFIRMATIVE DEFENSES**

29. The Complaint fails to state a claim and/or cause of action against Hamilton County or Deputy McRae upon which relief can be granted.

30. To the extent that any state law claims are alleged in the Complaint, all such claims are governed by the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101, *et seq*., ("GTLA") and Deputy McRae and Hamilton County are entitled to all defenses, immunities, and protections of said Act.

31. Hamilton County cannot be held liable for any damages claimed by the Plaintiff on the grounds that the injury sustained by the Plaintiff was not proximately caused by or directly related to any unconstitutional practice on the part of the County.

32. These Defendants state that the Plaintiff's actions constitute comparative fault, which either entirely bars recovery from these Defendants or reduces any recovery against these Defendants commensurate with the comparative fault of the Plaintiff.

33. These Defendants further state that, relative to claims under GTLA, a jury trial is not applicable.

34. Deputy McRae acted at all times in accordance with common law, statutory law, and constitutional obligations without any actual intent to cause the Plaintiff harm.

35. These Defendants' liability for damages, which is denied, is limited by the Due Process Clause of the United States Constitution.

36. The Plaintiff's claims fail to rise to the level of constitutional violations sufficient to state a claim pursuant to 42 U.S.C. § 1983 ("§ 1983").

37. The Plaintiff's claims brought against Hamilton County pursuant to § 1983 fail to state a claim upon which relief can be granted on a *respondeat superior* theory of liability.

38. To the extent applicable, Hamilton County was not deliberately indifferent.

39. To the extent applicable, Deputy McRae was not deliberately indifferent.

40. To the extent that the Plaintiff raises a claim pursuant to the provisions of the Tennessee Constitution, Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution.

41. Excessive force was not used as to the Plaintiff; therefore, Deputy McRae had no reason, opportunity or means to prevent any harm from occurring.

42. Deputy McRae did not have the mental state of criminal recklessness so as to constitute deliberate indifference.

43. A probable cause determination is appropriately based upon the criteria contained in *Tenn. Code Ann.* § 55-9-107(a)(1).

44. Group pleading is insufficient to impute liability to Deputy McRae based on the allegations as to the group pursuant to *Frazier v. Michigan,* 41 F. App'x 762, 764 (6th Cir. 2002); *Mhoon v. Metro. Gov't of Nashville & Davidson Cty., Tennessee,* No. 3:16-cv-01751, 2016 WL 6250379, at *3 (M.D. Tenn. Oct. 26, 2016)(citing *Accord Rodriguez v. Providence Cmty. Corrs., Inc.,* 3:15-cv-01048, 2016 WL 3351944, at *11 (M.D. Tenn. June 9 2016); *DeSoto v. Metro. Gov't of Nashville & Davidson County,* 64 F. Supp. 3d 1070, 1087 (M.D. Tenn. 2014).

45. Hamilton County asserts an intent to seek attorney fees and costs of litigation as to federal claims made against it as a prevailing party pursuant to *F.R.Civ.P.* 54.

46. Deputy McRae asserts an intent to seek attorney fees and costs of litigation as to federal claims made against him as a prevailing party pursuant to *F.R.Civ.P.* 54.

47. Hamilton County and Deputy McRae reserve the right to amend this Answer to add any additional affirmative or other defenses as those defenses are ascertained.

48. Hamilton County and Deputy McRae are presently without information as to the availability or applicability of any other affirmative defenses, in addition to those plead above, and reserve the right to amend their Answer to plead any affirmative defenses or matters of avoidance.

Wherefore, having fully answered, Hamilton County and Deputy Tyler McRae pray that they be dismissed with costs assessed against the Plaintiff.

HAMILTON COUNTY ATTORNEY'S OFFICE

By: s/*Sharon M. Milling*
R. Dee Hobbs, BPR No. 10482
Sharon McMullan Milling, BPR No. 36876
625 Georgia Avenue, Suite 204
Chattanooga, TN 37402
Phone/Fax: 423-209-6150/6151

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of November, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

William E. Klaver
P.O. Box 58
Hixson, TN 37343

s/*Sharon M. Milling*