IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| William Eugen Klaver | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Case No. 1:19-cv-00198 |
| Hamilton County, Tennessee; Deputy Daniel Wilkey, individually and in his official capacity; Deputy Tyler McRae, individually and in his official capacity; and Officer Garrett Bull, individually and in his official capacity | ) ) ) ) ) ) ) | |
| Defendants | ) | |

ANSWER OF THE CITY OF SODDY-DAISY, TENNESSEE, ON BEHALF OF OFFICER GARRETT BULL, IN HIS OFFICIAL CAPACITY

The City of Soddy-Daisy, Tennessee (the "City")[1], on behalf of Officer Garrett Bull ("Officer Bull"), in his official capacity as an officer for the Soddy Daisy Police Department, and without waiving any defenses of Officer Bull in his individual capacity, hereby answers the Plaintiff's Amended Complaint as follows:

I.

In response to Section I of the Amended Complaint titled "The Parties to This Complaint," the City is without knowledge as to the Plaintiff's address, telephone number, and email address.

The allegations related to Hamilton County, Tennessee, Tyler Shane McRae, and Daniel

---

[1] On January 24, 2020, City Attorney Sam D. Elliott was served with the summons and Amended Complaint. The Amended Complaint does not state any claims against Mr. Elliott, nor does the Amended Complaint name either the City or Mr. Elliott as a defendant. Thus, the City files this answer on behalf of Officer Bull in his official capacity and to the extent such a claim is interpreted as being a claim against the City. All references to the City herein includes Officer Bull in his official capacity.

Cameron Wilkey are directed at those defendants. Accordingly, no response from the City is required.

It is admitted that Officer Bull was at all times an employee of the City acting in the course and scope of his employment.

It would be shown that a claim against Officer Bull in his official capacity is one and the same as and duplicative of a claim against the City. Accordingly, the City would show the Plaintiff fails to state a claim against Officer Bull in his official capacity.

II.

In response to Section II of the Amended Complaint titled "Basis for Jurisdiction," it is admitted jurisdiction is proper in this Court.

It is denied the City deprived the Plaintiff of any rights, privileges, or immunities secured by the U.S. Constitution and/or federal law or is otherwise guilty of violating 42 U.S.C. §§1983 or 1984.

It is denied the City maintains any unlawful policy, procedure, or custom.

It is denied the City violated the Plaintiff's rights under 18 U.S.C. §§241, 242, or 249, the 4th or 14th Amendment of the U.S. Constitution, or 42 U.S.C. §12101 or any other provision of the Americans with Disabilities Act..

It is denied the City violated the Plaintiff's right to due process.

It is denied the City is guilty of "public humiliation."

It is denied the City is guilty of lying to the Plaintiff.

It is denied the City cited the Plaintiff for a window tint violation.

It is denied the City harassed the Plaintiff.

It is denied the City falsified any official document.

It is admitted that at all relevant times, Officer Bull acted in the scope and course of his employment as an officer of the Soddy Daisy Police Department.

The City denies the Plaintiff's characterization of the incident described in Section II, Paragraph R.

### III.

In response to Section III of the Amended Complaint titled "Statement of Claims," to the extent those allegations are directed at another co-defendant, no response from the City is required.

To the extent a response is required, the City denies the Plaintiff's characterization of the incident described in Section III.

The City submits the content of any video of the incident described in the Amended Complaint speaks for itself. The City denies any allegations or inferences drawn from said videos to the extent said videos do not depict the entire incident.

To the extent Section III alleges or infers any wrongdoing by the City, the same is denied.

### IV.

In response to Section IV of the Amended Complaint titled "Injuries," the City is without knowledge as to the nature and extent of the Plaintiff's alleged injuries. Accordingly, proof is demanded.

It is denied the City is liable to the Plaintiff for any of the alleged injuries described in Section IV.

The remaining allegations in Section IV are denied.

### V.

In response to Section V of the Amended Complaint titled "Relief," it is denied the Plaintiff is entitled to any of the prayed for relief.

The remaining allegations in Section V are denied.

VI.

The Amended Complaint fails to state a claim upon which relief may be granted.

VII.

The City reserves the right to rely upon the defense of insufficient process and insufficient service of process.

VIII.

The City reserves the right to show the Plaintiff's injuries were caused, in whole or in part, by the Plaintiff's own actions or inactions.

IX.

The City reserves the right to show the Plaintiff cannot maintain a claim under 42 U.S.C. §1983 because the Plaintiff cannot show any underlying constitutional violation.

X.

The City reserves the rely to rely upon the terms, limitations and defenses contained in the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101, *et seq.*

XI.

The City reserves the right to show it is entitled to rely upon the defenses of common law and sovereign immunity.

XII.

The City reserves the right to show it maintained no policy, custom, or procedure relative to the Plaintiff's claims that violated the Constitution or federal law.

XIII.

These Defendants reserve the right to show they are entitled to all reasonable costs, including but not limited to, attorney's fees upon the dismissal of the Plaintiff's suit pursuant to Tenn. Code Ann. §29-20-113 and 42 U.S.C. §1988.

XIV.

All other allegations, contentions, and assertions made by the Plaintiff in the Complaint which have not been admitted or denied, are hereby denied.

XV.

The City reserves the right to amend this Answer pending discovery.

Respectfully submitted,

ROBINSON, SMITH & WELLS, PLLC

Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN   37450
Telephone:    (423) 756-5051
Facsimile:     (423) 266-0474

By:  ___/s/ Philip Aaron Wells___
         Ronald D. Wells, BPR# 011185
         Philip Aaron Wells, BPR# 036248
         *Attorneys for the City of Soddy Daisy, Tennessee, on behalf of Officer Garrett Bull in his official capacity*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

This the 7th day of February, 2020

            Robinson, Smith & Wells, PLLC

            By:  */s / Philip Aaron Wells*


cc: William E. Klaver
   P.O. Box 58
   Hixson, TN 37343

   Sharon McMullan Milling
   Hamilton County Attorneys Office
   204 County Courthouse
   625 Georgia Avenue
   Chattanooga, TN 37402