## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | |
|---|---|
| WILLIAM EUGENE KLAVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:19-cv-198 |
| vs. | ) |
| | ) Judge McDonough/Mag. Judge Steger |
| HAMILTON COUNTY, TENNESSEE, *et al*, | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF HAMILTON COUNTY, TENNESSEE, THE HAMILTON COUNTY SHERIFF'S OFFICE AND DEPUTY TYLER MCRAE TO PLAINTIFF'S AMENDED COMPLAINT

Hamilton County, Tennessee, ("Hamilton County" or "the County"), the Hamilton County Sheriff's Office, and Deputy Tyler McRae ("Deputy McRae") show the following as their Answer to the Amended Complaint against them:

1. Without the aid of discovery, these Defendants can neither admit nor deny the statements contained in Paragraph I-A of the Amended Complaint and strict proof is demanded.

2. Paragraph I-B of the Amended Complaint as to Hamilton County is denied as stated. Hamilton County is not a municipality. As to Tyler McRae, Paragraph I-B is admitted. Without the aid of discovery, the remainder of Paragraph I-B can neither be admitted nor denied, and strict proof is demanded.

3. Paragraph II of the Amended Complaint is admitted as to the basis for the jurisdiction of this Court. All allegations of wrongdoing by Hamilton County or Deputy McRae are denied.

4. Without the aid of discovery, these Defendants can neither admit nor deny the statements contained in <u>Paragraph</u> III of the Amended Complaint, and strict proof is demanded: *"Highway 27 (J. Lon Foust Highway) Southbound, Mile Marker 21, behind Exit 111 sign to Exit. Incidentally, this is Not the address of 12200 Dayton Pike as Wilkey wrote down on the Unfiled Citation. I was Never on Dayton Pike that night. You will hear him Confirm the Location I State in a conversation with Police Dispatch as being Correct when Dispatch needs to know where to send the K9 from Soddy Daisy. Wilkey clearly knew where he was, & it Wasn't on Dayton Pike Anywhere. He Willingly Lied, Plain & Simple. This was done by Wilkey in order to place Jurisdiction within Soddy Daisy City Limits On Paper in order to justify his asking for a Soddy Daisy K9, the officer of which is likely a pal & willing to Lie, instead of any for Any K9 Units On the Air which is the Normal procedure. His Doing So is Verified by Police Scanner Recordings from that night that I have in my Possession & will Present as Evidence in Court."* [Sic]. All allegations of wrongdoing by Hamilton County or Deputy McRae are denied.

5. Without the aid of discovery, these Defendants can neither admit nor deny the statements contained in <u>Paragraph</u> III(B) of the Amended Complaint, and strict proof is demanded: *"April 17, 2019 at 8:10 P.M., Also not the time of 08:33 P.M. that Wilkey wrote on this Unfiled Citation. Actual Time is Verified by Police Scanner Recordings from that night that I have in My Possession & Will Present As Evidence in Court."* [Sic]. All allegations of wrongdoing by Hamilton County or Deputy McRae are denied.

6. Without the aid of discovery, these Defendants can neither admit nor deny the following statement(s) contained in <u>Paragraph</u> III(C) of the Amended Complaint, and strict proof is demanded: *"I first took notice of a vehicle as I traveled Southbound on Hwy 27 that appeared*

*to be Crashing. I looked to my Left & saw a Hamilton County Sheriff's Department Vehicle Sliding with the Brakes Locked Down & a Great Cloud of Tire Smoke from All Four Tires as it tried to make that Cut Through in the Median from the Northbound Lanes of Hwy 27. I continued on my way then noticed Blue Lights behind me, so I pulled over at Mile Marker 21 behind the Exit 111 sign saying 'Exit' on Highway 27 Southbound. At No Time Was I Ever On Dayton Pike as Wilkey claimed in the Unfiled Citation. Wilkey did this to on Paper Move Jurisdiction to Soddy Daisy in an attempt to Justify His Asking Specifically for a Soddy Daisy K9 of the usual 'Any K9 Units On the Air' that police normally use. I have Video Evidence which I will present in Court along with Police Scanner Recordings from that night that will Explain Things much better than I can here.*

*As to Who Saw What Happened, I would say Several Thousand People as they drove by that Busy Interchange around Exit 111 Highway 27, Mile Marker 21 on that Wednesday Night.*

*Only when I questioned Wilkey as to his claim of Bright Sunlight at 08:33 P.M. when the sun had gone down at 08:15 P.M. according to Google did Garrett Harrison Bull, the responding & Requested by Wilkey K9 officer Standing Quietly Behind Me pipe & claimed his dog had Alerted on my Passenger Door."* [Sic]. All allegations of wrongdoing by Hamilton County or Deputy McRae are denied.

7. The following statement(s) contained in Paragraph III(C) of the Amended Complaint are legal conclusions to which no response is required: *"To which McRae & Wilkey then conducted an Illegal Search of my Vehicle."* [Sic]. All allegations of wrongdoing by Hamilton County or Deputy McRae are denied.

8.   Without the aid of discovery, these Defendants can neither admit nor deny the following statement(s) contained in Paragraph III(C) of the Amended Complaint, and strict proof is demanded:

*"They Found Nothing, of course. Wilkey Lied on the Citation as to the Time of Stop as being 08:33 P.M. when I will Prove in Court via Police Scanner Recordings in my Possession that the Actual & Provable time of stop was 08:10 P.M. This was done to scrub off the nearly Half Hour Wait Time it took for Wilkey's Requested Soddy Daisy K9 to arrive on scene. As well, Wilkey Lied as to the Location of stop on the Unfiled Citation by indicating 12200 Dayton Pike as Place Of Stop when the Actual Place of Stop was Highway 27 Southbound, Mile Marker 21. His doing so was Not a 'Mistake' as he Clearly demonstrated in verbally directed Dispatch as to our True Location for the Soddy Daisy K9 Officer. Said Soddy Daisy Officer, a Garrett Harrison Bull, also threatened to put me in back of the patrol car as Daniel Cameron Wilkey & Tyler Shane McRae performed an Illegal Search of my vehicle Without My Consent.* [Sic]. The statement that *"McRae performed an illegal search"* is a legal conclusion to which no response is required. All allegations of wrongdoing by Hamilton County or Deputy McRae are denied.

9.   Without the aid of discovery, these Defendants can neither admit nor deny the following statement(s) contained in Paragraph III(C) of the Amended Complaint, and strict proof is demanded: *"Also, they Removed me from the Flow Of Traffic, an act which By Itself presented a certain level of Danger to myself, stopped a Tint Exempt Vehicle for Window Tint, then Never Filed the Citation. Further Endangered My Life by holding me Roadside for nearly an Hour at a Very Busy Travel Nexus where a Car or Big Truck could easily have Killed Me.*

*You may educate yourself Further by entering the Following Link into Google search bar. It will take you to the First Video, then Follow the Links in Each Description. http://youtube.be/3qvpSiYZpPK."* [Sic]. All allegations of wrongdoing by Hamilton County or Deputy McRae are denied.

10. The following statements contained in Paragraph III(C) of the Amended Complaint state conclusory allegations based upon Complaints for which litigation has not yet been exhausted. Further, the allegations in those matters are either mischaracterizations of events or are simply incorrect statements, which have been and are presently denied: *Wilkey is Currently Named in Four (Five Total) Other Lawsuits in Hamilton County Court. Case Numbers 19C1100, 19C1101, 19C1161 & 19C1248. One was a Roadside Anal Probe, on was a Forced Baptism & Sexual Assault, & Third was Accosting & Groping a group of Minor Boys & Girls. A Fourth Lawsuit is filed in Connection to the Minor Stop in which McRae is named."* [Sic]. All allegations of wrongdoing by Hamilton County or Deputy McRae are denied.

11. The following statement contained in Paragraph III(C) of the Amended Complaint requires no response of these Defendants: *"Both Wilkey & McRae grew up in Rhea County, TN."* [Sic]. All allegations of wrongdoing by Hamilton County or Deputy McRae are denied.

12. In response to the following statement(s) contained in Paragraph III(C) of the Amended Complaint, these Defendants assert that the statement(s) contain conclusory allegations previously made by a plaintiff in a completely unrelated matter while Wilkey was employed by a different law enforcement agency. That matter was resolved by both a Rhea County Sheriff's Office Internal Affairs investigation finding that Deputy Wilkey had not violated any policies or procedures and findings by the Tennessee Bureau of Investigation that exonerated

Wilkey: *"Wilkey was Also named in a Lawsuit in Federal Court for killing a man at the Rhea County Hospital while a Rhea County Deputy, Gardner v. Rhea County et al, Case Number 1:15-cv-00256."* [Sic]. All allegations of wrongdoing by Hamilton County or Deputy McRae are denied.

13. Without the aid of discovery, these Defendants can neither admit nor deny the allegations contained in Paragraph III(C) of the Amended Complaint, and strict proof is demanded: *"If Not for my Camera Phone on a Tripod that I have set up for my YouTube channel, things surely would have gone much worse for me aa well. However, Wilkey Knew Early on that they were being Recorded & Possibly Broadcasted. When Wilkey entered my vehicle for his Illegal Search, you will see him Attempt to turn off my camera on my phone. He Was Not Successful. I have Four Videos Total from that event available for viewing to the Public over a Certain Age on my YouTube channel. My Preventing their Actions thusly should not preclude or obliterate their Intent. It is clear from these Other Cases that McRae, Wilkey, & Bull had Nefarious Intent that night. That they were Unsuccessful speaks to My Efforts to Stop Them, not any Willingness to suddenly Do the Right Thing for Their part. Also & Subsequently I was Stalked & Harassed by Hamilton County Sheriff's Department personnel in an attempt to Intimidate & Threaten me out of Taking Legal Action against Wilkey, McRae, Bull & Hamilton County TN. All such individuals Acted Under Color Of Authority, as well, violating Title 18 USC § 241 &Title 18 U.S. Code § 242 as well as Title 18 U.S. Code § 249. I have Video Evidence of their actions which I will Present in Court."* [Sic]. All allegations of wrongdoing by Hamilton County or Deputy McRae are denied.

14. Without the aid of discovery, these Defendants can neither admit nor deny the allegations contained in Paragraph IV) of the Amended Complaint, and strict proof is demanded: *"Was made to exit my Vehicle when the Drug K9 from Soddy Daisy arrived around 8:30 P.M. or*

*so. Was made to place my hands on the hood which was Extremely Hot, & upon complaining & pulling them Off I was directed by Tyler McRae Hamilton County Sheriff's Deputy & Acting as such to put my hands on the Hood, at which time they became Burned from the Extreme Heat. I used Neosporin Pain Relief cream on them for a few days until they were healed, & wore Leather Work Gloves to protect them until they Healed. Psychological Stress of being Subjected to all that on a Public Thoroughfare were anyone & Everyone can see me, & thinking that I am a Criminal as a result. Being an Actor who has been in Several Hollywood Films, this Taint these jokers left on me could negatively affect my Hirability. As well, the Citation I was made to sign was Never Filed, eliminating my chance to Clear My Name before a Judge. Not Filing was done to protect Themselves, not to Help Me, as I am Certain any & all Videos were destroyed as well. Meanwhile, I have No Criminal History nor did they have Probable Cause to Justify Being Detained for nearly an Hour, & then Wilkey's attempt to scrub off the Wait Time for the Soddy Daisy K9 that he Specifically Asked for by entering a time of Stop as 08:33 P.M., when Police Scanner Recordings in My Possession Prove that I was stopped at 08:10 P.M. Neither did they have my Permission to Search My Vehicle, nor at Any Time was I Read My Rights. I Reported these events to the Internal Affairs at the Hamilton County Sheriff's Annex via Telephone, which was recorded by them according to the Telltale Beeps I kept hearing. However, I never heard Back from them.* [Sic]. All allegations of wrongdoing by Hamilton County or Deputy McRae are denied.

15. These Defendants assert that the Plaintiff is not entitled to the relief sought as detailed in <u>Paragraph</u> <u>V</u> of the Amended Complaint.

16. Any allegations not hereinbefore specifically admitted, denied or otherwise controverted is herein denied.

## AFFIRMATIVE DEFENSES

17. The Amended Complaint fails to state a claim and/or cause of action against Hamilton County or Deputy McRae upon which relief can be granted.

18. To the extent that any state law claims are alleged in the Amended Complaint, all such claims are governed by the Tennessee Governmental Tort Liability Act, *Tenn. Code Ann.* § 29-20-101, *et seq.,* ("GTLA") and Hamilton County and Deputy McRae are entitled to all defenses, immunities, and protections of said Act.

19. Hamilton County cannot be held liable for any damages claimed by the Plaintiff on the grounds that the injury sustained by the Plaintiff was not proximately cause by or directly related to any unconstitutional practice on the part of the County.

20. These Defendants state that the Plaintiff's actions constitute comparative fault, which either entirely bars recovery from these Defendants or reduces any recovery against these Defendants commensurate with the comparative fault of the Plaintiff.

21. These Defendants further state that, relative to claims under GTLA, a jury trial is not applicable.

22. Deputy McRae acted at all times in accordance with common law, statutory law, and constitutional obligations without any actual intent to cause the Plaintiff harm.

23. These Defendants' liability for damages, which is denied, is limited by the Due Process Clause of the United States Constitution.

24. The Plaintiff's claims fail to rise to the level of constitutional violations sufficient to state a claim pursuant to 42 U.S.C. § 1983.

25. The Plaintiff's claims brought against Hamilton County pursuant to § 1983 fail to state a claim upon which relief can be granted on a *respondeat superior* theory of liability.

26. To the extent applicable, Hamilton County was not deliberately indifferent.

27. To the extent applicable, Deputy McRae was not deliberately indifferent.

28. To the extent the Plaintiff raises a claim pursuant to the provisions of the Tennessee Constitution, Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution.

29. Excessive force was not used as to the Plaintiff; therefore, Deputy McRae had no reason, opportunity or means to prevent any harm from occurring.

30. Deputy McRae did not have the mental state of criminal recklessness so as to constitute deliberate indifference.

31. A probable cause determination is appropriately based upon the criteria contained in *Tenn. Code Ann.* § 55-9-107(a)(1).

32. Group pleading is insufficient to impute liability to Deputy McRae based on the allegations as to the group pursuant to *Frazier v. Michigan,* 41 F. App'x 762, 764 (6th Cir. 2002); *Mhoon v. Metro. Gov't of Nashville & Davidson Cty., Tennessee,* No. 3:16-cv-01751, 2016, 2016 WL 6250379, at *3 (M.D. Tenn. Oct. 26, 2016)(citing *Accord Rodriguez v. Providence Cmty. Corrs., Inc.,* 3:15-cv-01048, 2016 WL 3351944, at *11 (M.D. Tenn. June 9, 2016); *DeSoto v. Metro Gov't of Nashville & Davidson County,* 64 F.Supp.3d 1070, 1087 (M.D. Tenn. 2014).

33. Hamilton County asserts an intent to seek attorney fees and costs of litigation as to the claims made against it as a prevailing party pursuant to *F.R.Civ.P.* 54.

34. Deputy McRae asserts an intent to seek attorney fees and costs of litigation as to the claims made against him as a prevailing party pursuant to *F.R.Civ.P.* 54.

35. Deputy McRae asserts an intent to seek attorney fees and costs of litigation as to the claims made against him as a prevailing party having been sued in his individual capacity for actions taken in his official capacity and under color of law pursuant to *Tennessee Code Annotated* § 29-20-113(a).

36. The Hamilton County Sheriff's Office is not a separate legal entity subject to suit. *See Cage v. Kent County Correctional Facility,* 113 F.3d 1234 (Table, text at 1997 WL 225647 (6th Cir. May 1, 1997)); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994); *Rhodes v. McDaniel,* 945 F.2d 117, 120 (6th Cir. 1991); *Damron v. Pfannes,* 785 F.Supp. 644, 646 (E.D. Mich. 1992); *Bradford v. Garner,* 578 F.Supp. 382, 383 (E.D. Tenn. 1984); *Williams v. Baxter,* 536 F.Supp. 13, 16 (E.D. Tenn. 1981).

37. Hamilton County and Deputy McRae reserve the right to amend this Answer to add any additional affirmative or other defenses as those defenses are ascertained.

38. Hamilton County and Deputy McRae are presently without information as to the availability or applicability of any other affirmative defenses, in addition to those plead above, and reserve the right to amend their Answer to plead any affirmative defenses or matters of avoidance.

Wherefore, having fulling answered the Plaintiff's Amended Complaint, Hamilton County and Deputy Tyler McRae pray that they be dismissed with costs assessed against the Plaintiff.

*Signature(s) on the Following Page(s).*

HAMILTON COUNTY ATTORNEY'S OFFICE

By: *s/Sharon M. Milling*
R. Dee Hobbs, BPR No. 10482
Sharon McMullan Milling, BPR No. 36876
625 Georgia Avenue, Suite 204
Chattanooga, TN 37402
Phone/Fax: 423-209-6150 / 6151

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

William E. Klaver
P.O. Box 58
Hixson, TN 37343

*s/ Sharon M. Milling*